**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JERRY BLANEY** ) | |
| **(ID # 1519297),** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-2106-B (BH) |
| ) | |
| **WILLIAM STEPHENS,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition should be transferred to the Fifth Circuit as successive.

**I. BACKGROUND**

Jerry Blaney (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions division (TDCJ-ID), filed a *Writ Demanding Appeal,* that was received on June 22, 2015 (doc. 3). He appears to name a state district judge as the respondent.

Petitioner appears to challenge his state conviction in cause number F-0500065-P[1] for aggravated sexual assault of a child and life sentence in the 203rd Judicial District Court of Dallas County, Texas. *See Blaney v. Stephens,* No.3:14-CV-2503-K, 2014 WL 4631783, *1 (N.D. Tex. Sept. 16, 2014). His conviction was affirmed on direct appeal. *See id.* (citing *Blaney v. State,* No.05-08-1049-CR (Tex. App.-Dallas, Jan. 12, 2011, no pet.).) Petitioner filed two unsuccessful motions for leave to file a state habeas corpus application in the Texas Court of Criminal Appeals while his

---

[1]Petitioner lists this cause number at the top of his filing, under his name. (*See* doc. 3 at 1.)

direct appeal was pending. *Id.* (citing *Blaney v. Thaler*, No.3:13-CV-1401-L (N.D. Tex. Aug. 9, 2013).) He filed eight federal habeas corpus petitions that were dismissed for failure to exhaust, and a state habeas corpus application that was denied. *Id.* Petitioner next filed a federal habeas corpus petition on or about March 4, 2013, that was dismissed as time-barred. *Id.* (citing No.3:13-CV-1401-L.) His most recent federal petition in No. 3:14-CV-2503-K was dismissed for failure to comply with a Court order, and also as successive and time-barred. *Id.* at *1, 3.

## II.  NATURE OF SUIT

Although Petitioner complains of the actions of different judges, he primarily complains of the state courts' handling of his appeal from his conviction in case number F-0500065-P and his subsequent state habeas corpus applications.  His contention that he is being improperly detained and his demand for a direct appeal in fact challenge his state conviction.  Where a party seeks relief in federal court from the fact or duration of confinement, the claim is cognizable only as an action for a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475,499 n.14 (1973). Relief through a habeas corpus petition is the "exclusive remedy for state prisoners who 'seek to invalidate the duration of their confinement–either directly through an injunction compelling speedier release or indirectly through a determination that necessarily implies the unlawfulness of the State's custody.'" *Kyles v. Garrett,* 353 F. App'x 942,  945 (5th Cir. 2009) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

Because challenges to state convictions are governed by 28 U.S.C. § 2254, Petitioner's filing is properly construed as a petition for writ of habeas corpus under 28 U.S.C § 2254.[2]

---

[2]Petitioner paid the $5 filing fee for a habeas case.  (*See* doc. 3.)

### III. PROPER RESPONDENT

Petitioner appears to name a state district judge as the respondent.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court'". 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. Because Petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-State Jail division in Wichita Falls, Texas, under § 2254, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions (William Stephens, Director of TDCJ-CID) is a proper respondent. *See id.;* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions.").

Because Petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-State Jail division in Wichita Falls, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions (William Stephens, Director of TDCJ-CID) is a proper respondent. *See id.;* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions."). William Stephens, Director of the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ), should be substituted as the respondent.

### IV. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[3] A second petition is not successive, however, if the prior petition was dismissed due to prematurity or for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it

---

[3]Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

4

followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner essentially attacks the same conviction he challenged in his two most recent prior federal petitions. Under *Hardemon* and *Crone*, he was required to present all available claims in the first of those two federal petitions. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case. His current claims could have been raised in his prior federal petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

5

would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

## V. RECOMMENDATION

The petition for writ of habeas corpus should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 25th day of June, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                             _____
                                                             IRMA CARRILLO RAMIREZ
                                                             UNITED STATES MAGISTRATE JUDGE